```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

RICHARD S. REDDEN,              )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. CIV-18-021-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
          Defendant.            )
```

**OPINION AND ORDER**

Plaintiff Richard S. Redden (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 35 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as an industrial cleaner and tire changer and truck driver. Claimant alleges an inability to work beginning January 3, 2014 due to limitations resulting from degenerative disc disease, a torn disc, and disc bulges.

### Procedural History

On July 8, 2014, Claimant protectively filed for protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  On July 22, 2014, Claimant also filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On June 15, 2016, Administrative Law Judge ("ALJ") John Belcher conducted an administrative hearing in Tulsa, Oklahoma.  On August 16, 2016, the ALJ entered an unfavorable decision.  The Appeals Council denied review on August 21, 2017.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

4

properly consider the totality of the medical evidence; and failing to perform a proper analysis at step five.

**Consideration of the Medical Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, obesity, attention deficit hyperactivity syndrome ("ADHD"), depression, and anxiety. (Tr. 50). The ALJ determined Claimant retained the RFC to perform sedentary work. In so doing, he found Claimant could lift/carry 20 pounds occasionally and less than ten pounds frequently with pushing and pulling consistent with the lifting and carrying limits. He could stand and walk four hours in an eight hour workday and sit for six to eight hours in an eight hour workday all with normal breaks. Claimant was found to be able to frequently balance or crouch, occasionally climb, bend or stoop, kneel or crawl. Claimant could do simple and routine tasks and some complex tasks. Contact with co-workers and supervisors should be superficial (contact similar to that of a grocery clerk might have with co-workers and supervisors). The ALJ found Claimant should avoid contact with the public. (Tr. 52).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of table worker, escort driver, and document preparer, all of which the ALJ found

existed in sufficient numbers in the national and regional economies. (Tr. 60). As a result, the ALJ concluded that Claimant was not under a disability from January 3, 2014 through the date of the decision. Id.

Claimant contends the ALJ failed to consider the totality of the medical evidence which supported her disability. In a rather curious turn of events, Claimant asserts that the ALJ adopted a more restrictive RFC than proposed by the consultative physicians but did not give a "solid analysis of how he eventually arrived at his RFC." *Cl. Brief* at p. 4. The ALJ considered the opinions of the consultative doctors but concluded that they

> did not have the benefit of reviewing the evidence submitted after the reconsideration decision or the hearing testimony (Exhibits 1A, 2A, 5A, and 6A). Accordingly, I have considered all of the evidence submitted and arrived at the decision set forth herein.

(Tr. 58).

This Court has carefully reviewed the ALJ's decision. It is unusual. The ALJ accurately recites the medical record in the case but does not indicate which of the medical professional opinions he relied upon to reach his conclusions. Not a single opinion is weighed in this decision. The few opinions that exist in the record from the consultative examiners are roundly rejected, contending the professionals did not possess all of the later developed relevant

6

evidence. The Court is left with a recitation of the medical record and an RFC, the foundation for which has not been explained by the ALJ. "What is required is that the discussion describe how the evidence supports the RFC conclusions, and cite specific medical facts and nonmedical evidence supporting the RFC assessment." Castillo v. Astrue, 2011 WL 13627, at *11 (D. Kan. Jan. 4, 2011). The ALJ's decision leads the Court to conclude that he formed his own medical opinion without support from any expert. The ALJ is simply "not free to substitute his own medical opinion for that of a disability claimant's treating doctors."
Lawton v. Barnhart, 121 Fed. App'x 364, 373 (10th Cir. 2005)(citation omitted). Without more explanation on the foundation of his conclusions, the ALJ's RFC cannot be said to be supported by substantial evidence.

**Step Five Analysis**

Since the RFC is not supported by substantial evidence, the limitations provided by the ALJ in the hypothetical questioning of the vocational expert is flawed. On remand, the ALJ shall reformulate his questions based upon a supported RFC.

**Conclusion**

The decision of the Commissioner is not supported by

7

substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 19th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE